## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

**PAUL M. GAYLE-SMITH,**
      **Plaintiff,**

                                    **LEAD BANKRUPTCY**
                                    **CASE NO. 12-13396 t7**

**v.**

**LINDA WILSON, EDDIE L. WILSON,**
**POND-S-SCAPES,**

      **Defendants.**

### COMPLAINT

1. Plaintiff, Paul M. Gayle-Smith, a creditor of the debtors Linda Wilson, Eddie L. Wilson, Pond-S-Scapes (Defendants or Wilson), pursuant to 11 U.S.C. Section 523 (a)(2)(A) files this complaint challenging the dischargeability of Defendants' debt to him for several years of legal representation.

### JURISDICTION AND VENUE

2. Defendant filed a voluntary petition for bankruptcy in Case No. 12-13396.

3. Plaintiff is a named creditor in the Petition.

4. This court has personal jurisdiction over the parties.

5. Venue is proper in this jurisdiction.

## **ALLEGATIONS OF FACT**

6. Since August 2007 Plaintiff has provided legal representation regarding defamation law and related issues related to a slanderous news report on a local El Paso, Texas television station in February 2007.

7. Plaintiff and Defendants entered a written contract that provided for payment for the legal representation based on hours worked by Plaintiff in representing Defendant. Plaintiff spent more than 1500 hours on Defendant's case (appeals, depositions, responses to dispositive motions (sanctions, summary judgment, dismiss), and other important motions (several motions in limine), hearings, counseling, settlement negotiations, etc.).

8. On numerous occasions Defendants made statements and representations both express and implied regarding their specific assets (real estate, insurance policies, investment and retirement accounts, shares, etc.).

9. The trial judge ruled that Defendant Linda Wilson had falsified important documents and had committed perjury during her deposition and during a sanctions hearing. The trial judge dismissed the case as result (sanctions) of the Defendants dishonesty.

10. Plaintiff has evidence that Defendants, in addition to perjury, have committed fraud upon the court and have now declared bankruptcy solely to injure Plaintiff because he chastised them for their illegal behavior and immoral conduct in connection to their defamation case.

11. Plaintiff has recently determined that Defendants do not currently own the type or amount of assets that they had previously claimed to own and that some of the claimed assets they previously offered as "security" for the receipt of credit from me they are now claiming as exempt from creditors.

12. Plaintiff has reason to believe that Defendants made intentionally false representations and otherwise acted under false pretenses to induce Plaintiff to extend credit to them and provide continued legal representation without receiving prompt payment or full payment.

13. Plaintiff justifiably relied on Defendants' false representation to repeaextend to them credit in the form of legal representation which Defendants promised to pay for by selling off specific assets (should the case not result in a sufficient settlement or judgment to cover their debts to me for the legal representation).

14. Discharge of the subject debts is not required or appropriate because Plaintiff has never demanded that Defendants pay off the full balance of their debt immediately or threatened to sue Defendants or otherwise sought collection of the entire debt. Rather Plaintiff has allowed Defendants to pay down their debt with periodic installment payments.

15. Plaintiff has determined that he is Defendants' largest creditor and that it appears that Defendants have sufficient funds to pay back all of their large loan, if they honor their specific representations (and misrepresentations) to secure credit from me.

## COUNT I

### 11 U.S.C. SECTION 523 (a)(2)(A)

16. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

17. Defendants have obtained credit of approximately $360, 000.00 from Plaintiff by making false representations, and by false pretenses and actual fraud in violation of both state and federal law.

18. Plaintiff's reliance on Defendants' false representations, false pretenses and actual fraud was reasonable and justified.

19. Discharge of the debt Defendants owe Plaintiff would be improper in the circumstances.

## **RELIEF REQUESTED**

Plaintiff respectfully requests that for the reasons stated herein the court refrain from discharging the

debt Defendants owe Plaintiff and provide Plaintiff such other relief it deems just and proper.

**RESPECTFULLY SUBMITTED** this 26th day of December 2012.

_____

PAUL M. GAYLE-SMITH
Pro se
Law Offices of Paul M. Gayle-Smith
2961 Sundance Circle
Las Cruces, NM 88011
elawyer@gayle-smith.com
tel. 575.522.8300
fax. 866.324.3783
Attorney for Plaintiff

4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**


**PAUL M. GAYLE-SMITH,**
            **Plaintiff,**

                                              **LEAD BANKRUPTCY**
                                              **CASE NO. 12-13396 t7**

**v.**


**LINDA WILSON, EDDIE L. WILSON,**
**POND-S-SCAPES,**


            **Defendants.**



**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 26th day of December 2012, I filed a copy of the foregoing complaint

through the court's CM-ECF system for service on all counsel of record, if any, and that I will

seek a summons and will promptly mail the summons and complaint to Defendants at their last

known address, 1927 San Acacio, Las Cruces, NM 88001.



_____

Paul M. Gayle-Smith
Pro se
Law Offices of Paul M. Gayle-Smith
2961 Sundance Circle
Las Cruces, New Mexico 88011
t. 575.522.8300  f. 866.324.3783
elawyer@gayle-smith.com

5