IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL M. GAYLE SMITH,
Plaintiff,

v.

LINDA WILSON, EDDIE L. WILSON
d/b/a, POND-S-SCAPES,

Defendant.

LEAD BANKRUPTCY
CASE NO. 12-13396 t7

ANSWER
WITH COUNTERCLAIMS

Defendants, Pro Se, herein answer the Complaint as follows:

2. Defendants admit.

3. Defendants admit.

4. Defendants admit.

5. Defendants admit.

6. Defendants admit.

7. Defendants admit entering a written contract for $150.00 per hour but deny the remainder of the paragraph.

8. Defendants deny.

9. Defendants admit the civil action was dismissed but deny the remainder of the paragraph.

10. Defendants deny.

11. Defendants deny.

12. Defendants deny.

13. Defendants deny as they do not know what the Plaintiff relied on.

14. Defendants neither deny or admit as it calls for a legal conclusion.

15. Defendants neither deny nor admit.

16. Defendants incorporate all previous answers as stated.

17. Defendants deny.

18. Defendants deny.

19. Defendants neither admit nor deny because it calls for a conclusion of law.

## DEFENSES

1. Defendant, a licensed attorney, filed a civil lawsuit based on general defamation for the Wilsons and Pond-S-Scapes, when in fact the lawsuit should have been filed on the tort of Slander Per Se or Libel Per Quad; the distinction being that with a cause of action based on either Slander Per Se or Libel Per Quad results in a defendant carrying the burden of proof and not the plaintiff.

2

2. After filing the wrong cause of action, thereby placing the burden of proof on the Wilsons and Pond-S-Scapes, Attorney Smith proceeded to try to carry the burden of proof for the Wilsons with affidavits.

3. If the correct tort had been filed the mere televising of the false statements would have accepted as proof that the event occurred, and there would only have been a need to show damages.

4. Instead Attorney Smith placed the Wilsons in an untenable position because most of their clients did not watch the television program; a few wrote statements but could not remember exact dates, etc.

5. The civil judge should have been aware of the error of Attorney Smith and noted it, but instead the judge proceeded to call the Wilsons liars because of the affidavits.

6. At no time did the Wilson intentional falsify the unnecessary affidavits to the court.

7. During the entire representation Attorney Smith failed to submit a legal fee to the Wilsons.

8. Attorney Smith accepted landscaping services worth approximately $40,000 and was paid approximately $35,000 for a total of $75,000.00.

3

9. Eight months after the case was dismissed the Wilsons received a bill from Attorney Smith in the amount of $385,000.

10. His billings included over twenty four hours in one day.

11. During the time Attorney Smith represented the Wilsons he always said he was busy with other clients and therefore, the Wilsons had to do much of the work themselves.

12. Attorney Smith had the Wilson contact witnesses and prepare affidavits, print out his documents and deliver them to the court, research and locate another client's birth daughter, read through the Order of Dismissal and answer it [ because he was busy],and take care of all the problems in his yard at a moments notice.

13. The Wilsons have a reverse mortgage on their home which they obtained because they had difficulty paying their mortgage.

14. Mr. Wilson is going on 75 years old and is disabled.

15. Ms. Wilson was severely injured in an auto accident in 2010 resulting in a settlement of approximately $16,000 of which they gave Attorney Smith $15,000.

16. The Wilsons listed all their assets on the bankruptcy Petition and have not committed any fraud of any kind on either the Court or Attorney Smith.

4

17. Attorney Smith initially refused to go to mediation on his legal fee.

18. In January of 2013 Attorney Smith agreed to go to mediation on his fee.

19. Clearly, the present actions by Attorney Smith are designed to gain leverage in a mediation and are therefore improper.

## CONCLUSION

The Wilsons, d.b.a, Pond-S-Scapes, prays the Court will dismiss the Complaint filed by Attorney Smith.

Submitted by:

*/s/ Linda Wilson*
Linda A. Wilson

*/s/ Eddie L. Wilson*
Eddie L. Wilson

I certify a true and accurate copy of this document was mailed to Attorney Smith on March 8, 2013 by First Class US mail and emailed to him.

*/s/ Linda Wilson*
Linda A. Wilson