UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW MEXICO

PAUL GAYLE SMITH,

  Plaintiff,

v.          Case No. 12-13396 T7

LINDA WILSON, EDDIE WILSON,
POND-S-SCAPES,

  Defendants.

## BRIEF IN SUPPORT OF MOTION TO DISMISS

### FACTS

1. The Defendants received a discharge from a Chapter 7 Bankruptcy on January 25, 2013.

2. A debtor's **Section 343** Examination by the Trustee was held on October 23, 1012.

3. The Plaintiff was listed as a creditor and therefore, had the opportunity to challenge the discharge of debt against the Defendants at that time but failed to do so.

4. The Plaintiff has stated that he recently determined that the Defendants did not own the type of assets they had previously claimed to own. Plaintiff further alleges some of these assets were offered as security for his legal fee and that now Defendants are claiming the assets are exempt. See paragraph 11 of the Complaint.

5. On October 23, 2012 Plaintiff had knowledge and the opportunity to challenge the exemption of the assets he was alleging secured his legal fee but did not do so.
6. Plaintiff waited until more than thirty days after the final discharge of the Chapter 7 Bankruptcy to file a Complaint alleging the Defendants committed fraud with regard to assets he alleged secured his legal fee.
7. The plaintiff never asked for additional time for fact finding before the discharge.
8. There were never any written documents securing any of Defendants' assets for payment of Plaintiff's legal fee.

## ANALYSIS

Actions seeking to revoke discharge are to be "construed liberally in favor of the debtor and strictly against those objecting to the discharge." ***Hopkins v. Hughes (In re Hughes), 349 B.R. 72,77 (Bank.D. Idaho 2006)( citing First Beverly Bank v. Adeeb (In re Adeeb), 787 F. 2d 1339, 1342 (9th Cir.1986), and Bowman v. Belt Valley Bank (In re Bowman), 173 B.R. 922, 924 (9th Cir. BAP 1994)).***

A plaintiff must prove all requisite elements to revoke a discharge by a preponderance of the evidence. ***Grogan, 498 U.S. at 284, 111 S. Ct. 654; Beauchamp v. Hoose (In re Beauchamp), 236 B.R. 727, 730 (9th Cir. BAP 1999).*** The plaintiff has stated that the defendant had assets that allegedly secured his legal fee but no documents have been produced by the plaintiff. Plaintiff has alleged fraud by the defendants in that these assets were claimed as exempt by the defendants in their Chapter 7 Bankruptcy.

2

To prevail on his theory of fraud the plaintiff must prove two elements. The plaintiff/creditor must establish that the discharge was obtained through fraud of the defendants/debtors and secondly, the plaintiff must prove he did not know of such fraud until the granting of such discharge. ***See Section 727(d)(1), also Neary v. Darby (In re Darby), 376 B.R. 534, 539 (Bankr.E.D. Tex 2007)(*** noting a plaintiff's "burden of proving all the facts upon which revocation is conditioned" including that "the debtor's fraud caused the discharge and that the plaintiff lacked knowledge of that fraud prior to the deadline for objecting to discharge").

The plaintiff must show that the defendants/debtors committed "fraud in fact". That is, fraud must be shown to have occurred in the procurement of the discharge, and sufficient grounds must have existed which would have prevented the discharge." ***Hughes, 349 B.R. at 78 (citing Bowman, 173 B.R. at 925).*** The "obtained through " language in ***Section 727(d)(1)*** is "causation language…Fraud in the air will not suffice." ***White v. Nielsen (In re Nielsen), 383 F. 3d 922 (9th Cir. 2004).***

The requisite false oath to deny a discharge under **Section 727(a)(4)(A)** may involve "either an affirmatively false statement or an omission from the debtor's schedule. ***Searles v. Riley (In re Searles), 317 B.R. 368, 377 (9th Cir. BAP 2004)( citation omitted).*** This occurs when a debtor declares a schedule is true and accurate and it appears the debtor has knowingly and fraudulently omitted assets from the schedule. ***6 Collier on Bankruptcy Section 727.04[2] at 727-42.*** The plaintiff does not allege the debtor knowingly and fraudulently omitted assets but rather that the defendants acted fraudulently for having the Trustee declare the assets were exempt and that by having the assets declared exempt, plaintiff could not get his legal fee.

3

But the final decision concerning the eligibility of the assets as exempt assets were not in the hands of the defendants/debtors. Therefore, the element concerning the debtor knowingly and fraudulently omitting assets is not met.

But even assuming the first element of the test is met, **Section 727(d)(1)** requires that the requesting party/plaintiff lacked knowledge of the claimed fraud until after the granting of the discharge. This lack of knowledge is essential. *6 Collier on Bankruptcy Section 727.15[3] at 727-76.(citing Bowman, 173 B.R. at 922).* "A party requesting revocation of a discharge has the burden of proving its lack of knowledge of the fraud before discharge, and a failure to carry this burden is fatal to the party's case." *6 Collier on Bankruptcy Section 727.15[3] at 727-76.*

Knowledge of the fraud exists "when the party seeking revocation first becomes aware of facts such that he is put on notice of a possible fraud" and such a potential plaintiff must thereafter show "due diligence in investigating and responding to possible fraudulent conduct once he or she is aware of it or is in possession of facts such that a reasonable person in his or her position should have been aware of possible fraud." *376 B.R. at 542-43 (citing Lightfoot v. Landry (In re Landry), 350 B.R. 51, 56 (Bankr.E.D. La. 2006): Andersen v. Vereen (In re Vereen), 219 B.R. 691, 696 (Bankr. D.S.C. 1997)). See also Collier at Section 727.15[3]* (A creditor or trustee is required to have exercised diligence in investigating the facts during the case, especially after having been put on notice of possible fraud.")

The plaintiff was listed as a creditor by the defendants/debtors. The plaintiff had a right to challenge the exempt status of certain assets at the **Section 343** Examination. The plaintiff had from October 23, 2012 through January 25, 2013 to file an objection

4

to the status of the assets that were designated as exempt. However, no objections were forthcoming. Plaintiff never requested an extension of time under *Rule 4004(b)* so he could gather additional facts. The plaintiff has failed to carry his burden of proof by showing by a preponderance of the evidence that he did not know of the alleged defendants' fraud until after the granting of the discharge. The plaintiff's failure to prove lack of knowledge of such fraud before the discharge was granted is "fatal" to his *Section 727(d)(1)* action. *See Collier on Bankruptcy Section 727.15[3] at 727-76.*

Therefore, the plaintiff's complaint for a revocation of the defendants' discharge should be dismissed.

The defendants urge the Court dismiss the Complaint with prejudice.

Submitted by:

Linda Wilson, d/b/a,
Pond-S-Scapes, Pro Se
1727 San Acacio
Las Cruces, N.M. 88001
Ph.(575) 523-7100