IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL M. GAYLE-SMITH,
    Plaintiff,

CASE NO. 12-13396 T7

ADV. NO. 12-1330 T

v.

LINDA WILSON, EDDIE L. WILSON,
POND-S-SCAPES,

    Defendants.

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT

Plaintiff, Paul M. Gayle-Smith, a creditor of the debtors Linda Wilson, Eddie L. Wilson, and Pond-S-Scapes (Defendants), files this response to the motion to dismiss his complaint challenging the discharge of Defendants' large debt to him because of fraud. Defendants' motion to dismiss should be denied. In support of this response, Plaintiff states as follows:

1. Defendants' motion to dismiss appears to be, in part, a motion for summary judgment because of its assertions regarding the sufficiency of the evidence.

2. Plaintiff's motion for summary judgment must be denied because (1) it fails to even assert that there are no genuine issues of material fact (2) it contains no affidavits or other evidence and (3) it is premature, at best.

3. Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is

no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record, at which time the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); rather, "[a] genuine issue exists when the evidence is such that a reasonable jury could find for the non-movant." *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). At "summary judgment, we construe all facts and draw all inferences from the record in favor of the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

4. Otherwise, and in addition, Defendants have failed to provide any controlling legal authority that actually supports their assertions of fact and law.

5. Defendants' motion to dismiss is also marred by numerous factual misrepresentations. However, Defendants appear to claim that Plaintiff's complaint should be dismissed because (1) it is untimely because it was filed after the debt was already discharged (2) Plaintiff did not take an opportunity to object to the discharge of their debt to him at a meeting of creditors on October 23, 2012 (3) Plaintiff never asked for an extension of time to conduct fact-finding and (4) Plaintiff did not execute any written security agreements covering assets Defendants promised to use to pay their legal fees.

6. Regarding (1), Plaintiff filed a timely complaint within the period stated for objections to discharge and before the court granted discharge, as the record reflects. Most of Defendants citation of case law is unavailing because the cases appear to address situations in which a creditor has not filed a timely adversary complaint prior to discharge.

7. Regarding (2), Plaintiff was under no legal obligation to attend the meeting of creditors before objecting to discharge of particular listed debts. Defendants have cited no legal authority to the contrary.

8. Regarding (3), Plaintiff did not have an obligation to file an extension of time to conduct fact finding before he timely filed his objections to discharge.

9. Regarding (4), Plaintiff does not need to file documents securing or evidencing an agreement to pay his legal fees with certain assets owned or claimed to be owned by Defendants.

10. From August 2007 until May 2012, Plaintiff provided legal representation regarding defamation law and related issues related to a slanderous news report on a local El Paso, Texas television station in February 2007. Plaintiff even, though very reluctantly, agreed to continue to represent Defendants after he discovered (on the same day) that Defendant Linda Wilson may have forged a key document regarding her alleged damages and then committed perjury during her deposition.

11. On numerous occasions Defendants made statements and representations both express and implied regarding their specific assets (real estate, insurance policies, investment and retirement accounts, shares, etc.) that would more than cover any possible legal bill that I could give them, should they lose the case.

12. Plaintiff has recently determined that Defendants do not currently own the type or amount of assets that they had previously claimed to own and that some of the claimed assets they previously offered as "security" for the receipt of credit from Plaintiff they subsequently claimed as exempt from Plaintiff and other creditors.

13. Defendants also falsely promised to make monthly payments to pay off their indebtedness before trial and after trial should they not prevail, all just to induce Plaintiff to extend further credit to them. Then Defendants engaged in fraud which directly resulted in the dismissal of their case and Plaintiff's loss of a judgment from which to deduct his fees.

14. The trial judge ruled that Defendant Linda Wilson had falsified important documents and had committed perjury during her deposition and during a sanctions hearing. The trial judge dismissed the case as result (sanctions) of the Defendants dishonesty. Defendants' fraud also taints their subsequent factual assertions their and ability to obtain discharge of debts resulting from the commission of fraud.

15. Discharge of the subject debts is not required or appropriate because Plaintiff has never demanded that Defendants pay off the full balance of their debt immediately or threatened to sue Defendants or otherwise sought collection of the entire debt by lump sum. Rather, as previously stated, Plaintiff has agreed to allow Defendants to pay down their debt with periodic installment payments before trial.

16. In sum, Defendants have obtained credit of approximately $360, 000.00 from Plaintiff by repeatedly making false representations, and by false pretenses and actual fraud, as stated herein and also in Plaintiff's complaint.

17. Plaintiff's reliance on Defendants' false representations, false pretenses and actual fraud was reasonable and justified.

4

## CONCLUSION

Plaintiff respectfully requests that for the reasons stated herein the court deny Defendants' motion in its entirety and provide Plaintiff such other relief it deems just and proper. Should the court not be inclined to deny Defendants' motion to dismiss, for all the reasons stated herein or for other reasons, Plaintiff respectfully requests a hearing on the motion to more specifically state his position and to provide additional legal authority for denial of Defendants' motion to dismiss.

**RESPECTFULLY SUBMITTED UNDER PENALTY OF PERJURY** this 29th day of April 2013.

*/s/ Paul M. Gayle-Smith*

PAUL M. GAYLE-SMITH
Pro se
Law Offices of Paul M. Gayle-Smith
2961 Sundance Circle
Las Cruces, NM 88011
elawyer@gayle-smith.com
tel. 575.522.8300
fax. 866.324.3783
Attorney for Plaintiff

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO


**PAUL M. GAYLE-SMITH,**
    **Plaintiff,**

                      CASE NO. 12-13396 T7

                      ADV. NO. 12-1330 T

v.


**LINDA WILSON, EDDIE L. WILSON,
POND-S-SCAPES,**

    **Defendants.**


## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April 2013, I filed a copy of the foregoing document through the court's CM-ECF system for service on all parties and counsel of record, if any, and that I will mail or email a copy to Defendants at their last known address, 1927 San Acacio, Las Cruces, NM 88001 and market@zianet.com.


                                      /s/ Paul M. Gayle-Smith
                                      Paul M. Gayle-Smith
                                      Pro se
                                      Law Offices of Paul M. Gayle-Smith
                                      2961 Sundance Circle
                                      Las Cruces, New Mexico 88011
                                      t. 575.522.8300  f. 866.324.3783
                                      elawyer@gayle-smith.com

6

Case 12-01330-t    Doc 23    Filed 04/29/13    Entered 04/29/13 18:20:40 Page 6 of 6