```
                      United States Bankruptcy Court
                          District of New Mexico
```

Gayle-Smith,
       Plaintiff                                Adv. Proc. No. 12-01330-t

Wilson,
       Defendant

## CERTIFICATE OF NOTICE

```
District/off: 1084-1          User: manderson          Page 1 of 1          Date Rcvd: Oct 21, 2013
                              Form ID: pdfor1          Total Noticed: 2
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 23, 2013.
```
dft         +Eddie L Wilson,   1927 San Acacio,   Las Cruces, NM 88001-1567
dft         +Linda Wilson,   1927 San Acacio,   Las Cruces, NM 88001-1567
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                                  TOTAL: 0

```
            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cc*         +Eddie L Wilson,   1927 San Acacio,   Las Cruces, NM 88001-1567
cc*         +Linda Wilson,   1927 San Acacio,   Las Cruces, NM 88001-1567
                                                                                              TOTALS: 0, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 23, 2013                                                         Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 21, 2013 at the address(es) listed below:
            Paul M. Gayle-Smith    on behalf of Plaintiff Paul M. Gayle-Smith court@gayle-smith.com,
               elawyer@gayle-smith.com
                                                                                                                                     TOTAL: 1

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:

LINDA WILSON and
EDDIE L. WILSON,

    Debtors.      No. 7-12-13396 TL

PAUL M. GAYLE-SMITH,

    Plaintiff,

v.      Adv. No. 12-1330 T

LINDA WILSON,
EDDIE L. WILSON,
and POND-S-SCAPES,

    Defendants.

## **PRETRIAL ORDER**

This matter came before the Court on October 21, 2013 for a final pre-trial conference to. The parties appeared by telephone, pro se. The Court, being sufficiently advised, enters the following pre-trial order.

    1.      Jurisdiction, Venue, and Parties.

        (a)      This is a nondischargeability action brought under 11 U.S.C. § 523(a)(2). Defendants have asserted a counterclaim for malpractice. The jurisdiction of the Court is not disputed and is hereby determined to be present.

        (b)      There are no challenges to venue.

        (c)      There is no remaining question as to propriety of the parties.

        (d)      This is a core proceeding.

    2.      General Nature of the Claims and Defenses.

(a) Plaintiff claims:

Defendants have obtained credit of approximately $360,000.00 from Plaintiff by making false representations, and by false pretenses and actual fraud in violation of both state and federal law. Plaintiff's reliance on Defendants' false representations, false pretenses and actual fraud was reasonable and justified. Discharge of the debt Defendants owe Plaintiff would be improper in the circumstances and Plaintiff seeks a court ruling to prevent discharge of any portion of the $360,000 owed him and the imposition of pre-judgment and post-judgment interest.

Plaintiff asserts the following facts:

(1) Beginning in August 2007, Plaintiff provided substantial, experienced and effective legal representation regarding harmful defamation related to an apparently malicious, libelous and slanderous news report by a local El Paso, Texas television station in February 2007.

(2) Plaintiff and Defendants entered a written contract that provided for payment for the legal representation based on hours worked by Plaintiff in representing Defendants. Plaintiff spent more than 1500 hours on Defendant's case (case evaluation and preparation, interlocutory appeals, many depositions, comprehensive responses to exhaustive and lengthy dispositive motions (motion for sanctions, motions for summary judgment, and motion to dismiss), and other important motions (several involved and lengthy motions in limine), various hearings, legal counseling, settlement negotiations, etc.).

(3) On numerous occasions Defendants made statements and representations both express and implied regarding their specific assets (real estate, insurance policies, investment and retirement accounts, shares, etc.) that they intended to use to pay for the legal representation and various litigations costs.

(4) The trial judge in the defamation case ruled that Defendant Linda Wilson had

falsified important documents and had committed perjury during her deposition and during a sanctions hearing. All of this false testimony related to alleged damages regarding one specific client but the trial judge dismissed the entire case as sanctions for Linda Wilson's proven perjury and dishonesty.

(5) Plaintiff has evidence that Defendants, in addition to perjury, have committed fraud upon the court and have now declared bankruptcy solely to injure Plaintiff because he chastised them for their illegal behavior and immoral conduct in connection with their defamation case and litigation.

(6) Plaintiff has recently determined that Defendants do not currently own the type or even a small fraction of the amount of assets that they had previously and repeatedly claimed to own and that some of the claimed assets they previously offered as "security" for the receipt of credit from Plaintiff they subsequently claimed to be exempt from creditors in their bankruptcy filing.

(7) Plaintiff has reason to believe that Defendants made intentionally false representations and otherwise acted under false pretenses to induce Plaintiff to extend credit to them and provide continued legal representation without receiving prompt payment or full payment or any payment (if the debts are discharged in bankruptcy).

(8) Plaintiff justifiably relied on Defendants' false representation to repeatedly extend to them credit in the form of legal representation which Defendants promised to pay for by selling off specific assets (should the case not result in a sufficient settlement or judgment to cover their debts to me for the legal representation).

(9) Discharge of the subject debts is not required or appropriate because Plaintiff has never demanded that Defendants pay off the full balance of their debt immediately. Nor has Plaintiff threatened to sue Defendants or otherwise sought collection of the entire debt. Rather Plaintiff has

-3-

allowed Defendants to pay down their debt with small periodic (but irregular and unreliable) installment payments.

(10) Plaintiff has determined that he is Defendants' largest creditor and that it appears from Defendants written submissions in the bankruptcy proceedings that Defendants have more than sufficient funds to pay back all of the large debt they fraudulently obtained, if they are required to honor their specific legal representations (and misrepresentations) to secure credit from Plaintiff.

(b) Defendant claims: Defendants incorporate by reference the allegations in their answer to Plaintiff's complaint, and in their counterclaim.

3. <u>Uncontroverted Facts</u>. The following facts are established by admissions in the pleadings or by stipulation of counsel:

4. <u>Statement of Legal Issues Presented</u>.

(a) Plaintiff's Issues:

(1) Whether Defendants have obtained credit of approximately $360,000 from Plaintiff by making false representations, and by false pretenses and actual fraud in violation of relevant state and federal law.

(2) Whether the approximately $360,000 line of credit fraudulently obtained by Defendants is dischargeable in Chapter 11 Bankruptcy proceedings,

(b) Defendant's Issues:

5. <u>Exhibits</u>. Unless the Court determines otherwise, on or before 21 days prior to the date of the trial on the merits the parties shall file and serve a list of exhibits, and shall exchange exhibits, except for rebuttal exhibits that cannot reasonably be anticipated. Parties shall provide three copies of the exhibits to Chambers (one for the Court, one for the Court's law clerk, and one for the witness) one day prior to commencement of the hearing. Plaintiff's exhibits are to be

-4-

marked with numbers, and Defendant's exhibits with letters. Each page of any multiple-page exhibit shall be numbered. Exhibits shall be accompanied by a list of the exhibits by number or letter and a brief description or name of each exhibit. If a party intends to proffer more than five exhibits, then the exhibits shall be tabbed and bound by three-ring binders or some similar binding. Any counsel requiring authentication of any exhibit must so notify in writing the offering counsel within 14 days before the trial date, or objection to authenticity will be waived. The Court generally will exclude exhibits not exchanged as required. The parties shall be prepared to notify the Court at the beginning of trial which exhibits can be admitted into evidence by stipulation.

  6. <u>Witnesses</u>.

(a) Plaintiff will call or will have available at trial:

  Paul M. Gayle-Smith

  Linda Wilson

  Eddie L. Wilson

(b) Defendant will call or will have available at trial:

  Paul M. Gayle-Smith

  Linda Wilson

  Eddie L. Wilson

(c) The following deposition testimony will be offered at trial: None.

The Court may exclude from testifying any witnesses other than those listed above, except this rule does not apply to rebuttal witnesses who cannot reasonably be anticipated, or to a witness that was unknown to the party, despite due diligence, at the time of submission of this order. Upon the discovery of such a witness, the party shall provide the witness' name,

-5-

Case 12-01330-t    Doc 32    Filed 10/23/13    Entered 10/23/13 22:56:19 Page 6 of 8

identification, and a brief description of the subject areas of anticipated testimony to the other parties as soon as possible, and file a motion to amend this order to include the additional witness.

Each party shall be responsible for informing their witnesses that they need a government-issued photo identification card to enter the Courthouse.

7. <u>Discovery</u>.  Discovery has been completed.

8. <u>Amendment of Pleadings</u>.  There were no requests to amend pleadings.  Plaintiff shall file an answer to Defendants' counterclaim on or before October 31, 2013, or shall be subject to entry of a default judgment.

9. <u>Courtroom Evidence Presentation Technology</u>.  If a party desires to use evidence presentation technology, it must contact Chambers at least two weeks before trial regarding such use, and arrangements will be made if possible.

10. <u>Order Controlling</u>.  This order will control the course of trial, and may not be amended except by consent of the parties if approved by the Court, or other order of the Court. Any amendments to this order will be allowed only in exceptional circumstances to prevent manifest injustice.  The claims and affirmative defenses set forth in the pleadings are superseded by this order; any claim or affirmative defense raised in the pleadings but not identified in this order is waived.

11. <u>Trial setting</u>.  This case is set for trial on November 19 and 20, 2013 beginning at 1:30 p.m on the 19th and ending at 12:00 pm on the 20th.  One day is reserved for trial.  Trial will be held in the Animas Courtroom, 3rd Floor, South Tower, United States Courthouse, 100 Church Street, Las Cruces, New Mexico 88001.

12. <u>Settlement</u>.  The possibility of settlement is considered poor.

13. <u>Certification</u>. By affixing our signatures to this Order, the undersigned certify that it reflects the efforts of all counsel and that they have carefully and completely reviewed all parts of this order prior to its submission to the Court.

_____
David T. Thuma
United States Bankruptcy Judge

Entered on October 21, 2013.

COPY TO:

Paul M. Gayle-Smith
2961 Sundance Circle
Las Cruces, NM 88011

Linda A. Wilson
1927 San Acacia
Las Cruces, NM 88001

Eddie Wilson
1927 San Acacia
Las Cruces, NM 88001