IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

**PAUL M. GAYLE-SMITH,**
   **Plaintiff,**

CASE NO. 12-13396 T7

ADV. NO. 12-1330 T

v.

**LINDA WILSON, EDDIE L. WILSON,
POND-S-SCAPES,**

   **Defendants.**

## PLAINTIFF'S ANSWERS TO DEFENDANTS' COUNTERCLAIMS

Plaintiff, Paul M. Gayle-Smith, a creditor of the debtors Linda Wilson, Eddie L. Wilson, and Pond-S-Scapes (Defendants), files this response to Defendants' "amended" counterclaims[1]. Defendants' amended counterclaims lack merit and should be denied. In support of these answers, Plaintiff states as follows:

1. Answering Paragraph 1 of Defendants' amended Counterclaims, Plaintiff denies the allegations contained therein.

2. Answering Paragraph 2 of Defendants' amended Counterclaims, Plaintiff lacks sufficient information to either admit or deny the allegations contained therein.

---

[1] Defendants have abandoned some of there earlier counterclaims (for example regarding alleged malpractice by Plaintiff) and Plaintiff has only responded to the counterclaims included with Defendants' paper entitled "Amended Answer to Complaint with Counterclaims." Plaintiff does not waive his right to answer any of Defendants' counterclaims the Court subsequently might determine to have not been amended or abandoned by Defendants. Plaintiff has decided to respond to Defendants' amended counter claims although they are untimely because Defendants are pro se and it appears to be the most professional thing to do (despite Defendants' perjury and mendacity).

3. Answering Paragraph 3 of Defendants' amended Counterclaims, Plaintiff lacks sufficient information to either admit or deny the allegations contained therein.

4. Answering Paragraph 4 of Defendants' amended Counterclaims, Plaintiff lacks sufficient information to either admit or deny the allegations contained therein.

5. Answering Paragraph 5 of Defendants' amended Counterclaims, Plaintiff lacks sufficient information to either admit or deny the allegations contained therein.

6. Answering Paragraph 6 of Defendants' amended Counterclaims, Plaintiff lacks sufficient information to either admit or deny the allegations contained therein.

7. Answering Paragraph 7 of Defendants' amended Counterclaims, Plaintiff lacks sufficient information to either admit or deny the allegations contained therein.

8. Answering Paragraph 8 of Defendants' amended Counterclaims, Plaintiff lacks sufficient information to either admit or deny the allegations contained therein. Although Paragraph 8 calls for a legal conclusion, Plaintiff states that he did not renege on any agreement to arbitrate with Defendants.

9. Answering Paragraph 9 of Defendants' amended Counterclaims, Plaintiff admits that Defendants made several allegations regarding billing but denies the balance of the allegations contained therein.

10. Answering Paragraph 10 of Defendants' amended Counterclaims, the paragraph calls for a legal conclusion and Plaintiff has no obligation to answer it. Nevertheless, Plaintiff denies that Defendants lost their defamation case because he allegedly filed the wrong claims.

11. Answering Paragraph 11 of Defendants' amended Counterclaims, the paragraph calls for a legal conclusion and Plaintiff has no obligation to answer it. Nevertheless, Plaintiff denies that Defendants lost their defamation case because he allegedly filed the wrong claims.

12. Answering Paragraph 12 of Defendants' amended Counterclaims, the paragraph calls for a legal conclusion and Plaintiff has no obligation to answer it. Nevertheless, Plaintiff denies that Defendants lost their defamation case because he allegedly filed the wrong claims or because he otherwise committed malpractice.

13. Answering Paragraph 13 of Defendants' amended Counterclaims, the paragraph contains no substantive allegations that require an answer.

14. Answering Paragraph 14 of Defendants' amended Counterclaims, the paragraph calls for a legal conclusion and Plaintiff has no obligation to answer it. Nevertheless, Plaintiff denies that Defendants lost their defamation case because he allegedly filed the wrong claims or because he otherwise committed malpractice, the paragraph calls for a legal conclusion and Plaintiff has no obligation to answer it. Nevertheless, Plaintiff denies that his legal fees were unreasonable or illegal and denies all of the factual allegations contained in Paragraph 14.

15. Answering Paragraph 15 of Defendants' amended Counterclaims, Plaintiff denies all the allegations in the paragraph. Paragraph 15 calls for a legal conclusion and Plaintiff has no obligation to answer it.

16. Answering Paragraph 16 of Defendants' amended Counterclaims, Plaintiff has insufficient information to either admit or deny the allegations in Paragraph 16.

17. Answering Paragraph 17 of Defendants' amended Counterclaims, Plaintiff has insufficient information to either admit or deny the allegations in Paragraph 17.

18. Answering Paragraph 18 of Defendants' amended Counterclaims, the alleged attachment speaks for itself. Otherwise, to the extent that the paragraph contains any substantive allegations, Plaintiff has insufficient information to either admit or deny the allegations in Paragraph 18.

19. Answering Paragraph 19 of Defendants' amended Counterclaims, Plaintiff denies all the allegations in the paragraph.

20. Answering Paragraph 20 of Defendants' amended Counterclaims, Plaintiff has insufficient information to either admit or deny the allegations in Paragraph 20.

21. Answering Paragraph 21 of Defendants' amended Counterclaims, Plaintiff denies all the allegations in the paragraph.

22. Answering Paragraph 22 of Defendants' amended Counterclaims, Plaintiff denies all the allegations in the paragraph. Paragraph 22 calls for a legal conclusion and Plaintiff has no obligation to answer it. Nevertheless, Plaintiff denies that Defendants lost their defamation case because he allegedly filed the wrong claims or because he otherwise committed malpractice.

23. Answering Paragraph 23 of Defendants' amended Counterclaims, Plaintiff denies all the allegations in the paragraph. Paragraph 23 calls for a legal conclusion and Plaintiff has no obligation to answer it. Nevertheless, Plaintiff denies that he made any false statements to Defendants regarding his experience litigating or defending defamation cases.

24. Answering Paragraph 24 of Defendants' amended Counterclaims, Plaintiff denies all the allegations in the paragraph. Paragraph 24 calls for a legal conclusion and Plaintiff has no obligation to answer it. Nevertheless, Plaintiff denies that he made any false and misleading statements to Defendants regarding his experience litigating or defending defamation cases

25. Answering Paragraph 25 of Defendants' amended Counterclaims, the paragraph calls for a legal conclusion and Plaintiff has no obligation to answer it. Nevertheless, Plaintiff denies that he made any false and misleading statements to Defendants regarding his experience litigating or defending defamation cases.

26. Answering Paragraph 26 of Defendants' amended Counterclaims, Plaintiff denies all the allegations in the paragraph.

27. Answering Paragraph 27 of Defendants' amended Counterclaims, Plaintiff lacks sufficient information to either admit or deny the allegations in the paragraph. To some extent Paragraph 27 calls for a legal conclusion and Plaintiff has no obligation to answer it. Nevertheless, Plaintiff denies that he engaged in any illegal activity that proximately or foreseeably resulted in Defendants filing bankruptcy.

28. Answering Paragraph 28 of Defendants' amended Counterclaims, Plaintiff lacks sufficient information to either admit or deny the allegations in the paragraph. To some extent Paragraph 28 calls for a legal conclusion and Plaintiff has no obligation to answer it. Nevertheless, Plaintiff denies that he engaged in any illegal activity that proximately or foreseeably resulted in Defendants filing bankruptcy.

29. Answering Paragraph 29 of Defendants' amended Counterclaims, Plaintiff admits the allegations contained therein.

30. Answering Paragraph 30 of Defendants' amended Counterclaims, Plaintiff has insufficient information to either admit or deny the allegations contained therein.

31. Answering Paragraph 31 of Defendants' amended Counterclaims, Plaintiff admits that he was listed as a creditor of Defendants. Paragraph 31 calls for a legal conclusion and Plaintiff has no obligation to respond to the paragraph to that extent. However, Plaintiff states that he did not failed to act or waive his rights to bring the subject adversary action.

32. Answering Paragraph 32 of Defendants' amended Counterclaims, Plaintiff admits that in October 2012 he knew he was a creditor of Defendants but Plaintiff denies the remaining allegations. Paragraph 32 calls for a legal conclusion and Plaintiff has no obligation to

respond to the paragraph to that extent. However, Plaintiff states that he did not failed to act or waive his rights to bring the subject adversary action.

33. Answering Paragraph 33 of Defendants' amended Counterclaims, Plaintiff admits that he has brought this action exposing the fraud of Defendants but Plaintiff denies the remaining allegations.

34. Answering Paragraph 34 of Defendants' amended Counterclaims, Plaintiff does not understand the nature of the Defendants substantive allegations and therefore he cannot either admit or deny them.

35. Answering Paragraph 35 of Defendants' amended Counterclaims, Plaintiff does not understand the nature of the Defendants substantive allegations and therefore he cannot either admit or deny them. Paragraph 35 calls for a legal conclusion and Plaintiff has no obligation to respond to the paragraph to that extent. However, Plaintiff states that there were written communications showing that Defendants asserted possession or ownership of various assets which they either pledged as assets they would use to pay legal fees and costs or which assets they omitted from the lists of assets in the subject bankruptcy proceeding.

36. Answering Paragraph 36 of Defendants' amended Counterclaims, the paragraph calls for a legal conclusion and Plaintiff has no obligation to respond to the paragraph to that extent. However, Plaintiff denies the factual assertions included in the paragraph. Plaintiff also states that Defendants made a number of affirmative false statements regarding their alleged possessions and intentions to use certain assets to pay legal fees and costs or regarding which assets they omitted from the lists of assets in the subject bankruptcy proceeding.

37. Answering Paragraph 37 of Defendants' amended Counterclaims, the paragraph calls for a legal conclusion and Plaintiff has no obligation to respond to the paragraph to that extent.

However, Plaintiff denies the factual assertions included in the paragraph. Plaintiff also states that Plaintiff timely filed this adversary action.

38. Answering Paragraph 38 of Defendants' amended Counterclaims, the paragraph calls for a legal conclusion and Plaintiff has no obligation to respond to the paragraph to that extent. However, Plaintiff denies the factual assertions included in the paragraph. Plaintiff also states that Plaintiff timely filed this adversary action.

39. Answering Paragraph 39 of Defendants' amended Counterclaims, the paragraph calls for a legal conclusion and Plaintiff has no obligation to respond to the paragraph to that extent. However, Plaintiff denies the factual assertions included in the paragraph. Plaintiff also states that Plaintiff only became aware of Defendants' fraud upon reviewing their bankruptcy filing documents. In addition, Plaintiff states that he timely filed this adversary action.

40. Answering Paragraph 40 of Defendants' amended Counterclaims, the paragraph calls for a legal conclusion and Plaintiff has no obligation to respond to the paragraph to that extent. However, Plaintiff denies the factual assertions or implications included in the paragraph. Plaintiff also states that Plaintiff only became aware of Defendants' fraud upon reviewing their bankruptcy filing documents. In addition, Plaintiff states that he timely filed this adversary action.

## DEFENDANTS ISSUES

1. Answering Paragraph 1 of Defendants' issues, the paragraph calls for a legal conclusion and Plaintiff has no obligation to respond to the paragraph to that extent. However, Plaintiff denies the factual assertions or implications included in the paragraph. Plaintiff

also states that Plaintiff is collaterally estopped from raising this particular issue of dischargeability because the issue was ruled upon (res judicata) by this court's order denying Defendants' motion to dismiss on May 22, 2013.

2. Answering Paragraph 2 of Defendants' issues, the paragraph calls for a legal conclusion and Plaintiff has no obligation to respond to the paragraph to that extent. However, Plaintiff denies the factual assertions or implications included in the paragraph. Plaintiff also states that Plaintiff's fee was reasonable and did not include all of the time spent by Plaintiff working on Defendants' matters.

3. Answering Paragraph 3 of Defendants' issues, the paragraph calls for a legal conclusion and Plaintiff has no obligation to respond to the paragraph to that extent. However, Plaintiff denies the factual assertions or implications included in the paragraph. Plaintiff also states that Plaintiff never stated to Defendants that he was an expert in any area of legal practice and Defendants sabotaged their own case by repeatedly committing perjury regarding the amount of damages they claimed to have had sustained.

## PLAINTIFF'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
Defendants fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
All actions taken by Plaintiff were justified and/or privileged and at all times Plaintiff acted in good faith and pursuant to a bona fide legitimate business purpose.

### THIRD AFFIRMATIVE DEFENSE
Defendants' amended counterclaims were untimely filed.

### FOURTH AFFIRMATIVE DEFENSE
Defendants' amended counterclaims are barred by collateral estoppel and res judicata because they were previously raised, litigated and ruled upon by the court.

RESPECTFULLY SUBMITTED UNDER PENALTY OF PERJURY this 17th day of November 2013.

*[signature: Paul M. Gayle-Smith]*

PAUL M. GAYLE-SMITH
Pro se

Law Offices of Paul M. Gayle-Smith
2961 Sundance Circle
Las Cruces, NM 88011
elawyer@gayle-smith.com
tel. 575.522.8300
fax. 866.324.3783

9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO


**PAUL M. GAYLE-SMITH,**
   **Plaintiff,**

                **CASE NO. 12-13396 T7**

                **ADV. NO. 12-1330 T**

**v.**


**LINDA WILSON, EDDIE L. WILSON,**
**POND-S-SCAPES,**

   **Defendants.**


### CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November 2013, I filed a copy of the foregoing document through the court's CM-ECF system for service on all parties and counsel of record, if any, and that I will mail or email a copy to Defendants at their last known address, 1927 San Acacio, Las Cruces, NM 88001 or to Defendants at the following email address:market@zianet.com.


*[signature: Paul M. Gayle-Smith]*

Paul M. Gayle-Smith
Pro se
Law Offices of Paul M. Gayle-Smith
2961 Sundance Circle
Las Cruces, New Mexico 88011
t. 575.522.8300 f. 866.324.3783
elawyer@gayle-smith.com